IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In re Ex Parte Application of Hyo-Seob Oh, | § § § § | No. 3:23-mc-56-X |
| Applicant. | | |

## MEMORANDUM OPINION AND ORDER DENYING WITHOUT PREJUDICE LEAVE TO FILE UNDER SEAL AND DENYING LEAVE TO FILE EX PARTE

United State District Judge Brantley Starr has referred Applicant Hyo-Seob Oh's Motion for Leave to File Sealed Ex Parte Application for Judicial Assistance Pursuant to 28 U.S.C. § 1782, [Dkt. No. 2], and all attendant and subsequent procedural motions bearing upon it be referred to the undersigned United States magistrate judge for hearing (if necessary) and determination under 28 U.S.C. § 636(b). *See* Dkt. No. 4.

The Court will first address whether Oh may proceed on an ex parte basis with his Application for Judicial Assistance Pursuant to 28 U.S.C. § 1782 [Dkt. No. 1] and then will take up Oh's motion for leave to file materials under seal.

### I.      Filing Application Ex Parte

Oh has filed his Application for Judicial Assistance Pursuant to 28 U.S.C. § 1782 ex parte. *See* Dkt. Nos. 1, 2, & 3.

This Court has previously noted "that ex parte filing of an application for discovery under 28 U.S.C. § 1782 is permissible." *In re Application of Eurasian Bank Joint Stock Co. for Expedited Jud. Assistance Pursuant to 28 U.S.C. § 1782*, No. 3:15-

-1-

mc-106-L-BN, 2015 WL 6438256, at *1 (N.D. Tex. Oct. 21, 2015). But the cases supporting that observation explain that ex parte filing is permissible "where the application is for the issuance of subpoenas and the substantial rights of the subpoenaed person are not implicated by the application" and where, "once the subpoenas are served, [the respondent] will have the opportunity to move to quash or modify the subpoenas under Federal Rule of Civil Procedure 45," so that "[t]he respondent's due process rights are not violated because he can later challenge any discovery request by moving to quash pursuant to Federal Rule of Civil Procedure 45(c)(3)." *Id.* (cleaned up).

And the United States Court of Appeals for the Fifth Circuit has more recently observed "that it is not unusual for § 1782(a) applications to be made initially on an ex parte basis to the district courts, though this does not seem to be routine practice. There is no reason to disapprove ex parte applications. The procedural device used should not, however, narrow a respondent's legal rights on receipt of a § 1782(a) subpoena." *Banca Pueyo SA v. Lone Star Fund IX (US), L.P.*, 55 F.4th 469, 474 (5th Cir. 2022).

But there is no rationale for an ex parte filing here because, in the proceedings in *In Re Ex Parte Application of Hyo-Seob Oh*, No. 3:22-mc-01649-DDL (S.D. Cal.), the respondent, Sandip Minhas, was served with and, through his attorneys, responded to the application that Oh filed "in the United States District Court, Southern District of California, to take the deposition of Mr. Minhas, Case No. 3 :22-

mc-01649-DDL, with the same title as the above titled application (the 'California Application')." Dkt. No. 1 at 4; *see In Re Ex Parte Application of Hyo-Seob Oh*, No. 3:22-mc-01649-DDL, Dkt. Nos. 4-9 (S.D. Cal.) (also attached, in part, at Dkt. No. 1 at 198-289 of 640).

Oh's Application for Judicial Assistance Pursuant to 28 U.S.C. § 1782 filed in this district explains that "[a] copy of all the documents, as filed in the California Application Document, attached as Exhibit A, accompanies Mr. Oh's Ex Parte Application herein, so that the Court has the complete background for purpose of his application here in Texas." Dkt. No. 1 at 4 (footnote omitted). The United States District Court, Southern District of California denied the California Application, ruling that, "based on the complete record currently before the Court, [Oh] has not met his burden to establish that Minhas resides in the Southern District of California" and noting that "[a]ny Application seeking relief under Section 1782 should be filed in the Northern District of Texas, where Minhas admits he resides." *In Re Ex Parte Application of Hyo-Seob Oh*, No. 3:22-mc-01649-DDL, Dkt. No. 40 at 10 (S.D. Cal. Apr. 11, 2023); *accord In Re Ex Parte Application of Hyo-Seob Oh*, No. 3:22-mc-01649-DDL, Dkt. No. 47 (S.D. Cal. Apr. 28, 2023) (Order Adopting Report and Recommendation, Denying Application For Relief Under 28 U.S.C. § 1782).

Oh asserts that the history of the California proceedings demonstrates why he should be permitted to proceed on an ex parte basis in this district: "There is not even an imaginable reason to require Minhas' presence in this Court before ruling on Mr. Oh's § 1782 application herein. This is because Minhas' arguments and evidence are

-3-

all already before this Court. In fact, the complete document from the California Application has been submitted with this § 1782 application." Dkt. No. 1 at 11 n.10.

The Court cannot agree.

Oh has submitted a new Section 1782 application in this district, *see* Dkt. No. 1, and has explained that this Application for Judicial Assistance Pursuant to 28 U.S.C. § 1782 filed here "is substantively the same [as the California Application], with the exception that Mr. Oh has modified his document requests in view of issues raised by the magistrate judge in the California Application." Dkt. No. 1 at 4. Those modifications alone warrant serving the application on the respondent and permitting, as the United States District Court for the Southern District of California did, him to respond.

Failing to do so would only invite a possible motion to reconsider any ex parte order granting a Section 1782 application, as the United States Court of Appeals for the Fifth Circuit has made clear that a respondent must be afforded an opportunity to file to challenge "the merits after an ex parte § 1782(a) discovery order." *Banca Pueyo*, 55 F.4th at 473-76.

The Court denies Oh's request to proceed with his Application for Judicial Assistance Pursuant to 28 U.S.C. § 1782 on an ex parte basis.

The Court ORDERS – as the United States District Court for the Southern District of California did in the matter pending before it – that Oh must serve the Application for Judicial Assistance Pursuant to 28 U.S.C. § 1782 and a copy of this

Order on Respondent Sandip Minhas by **Friday, November 3, 2023**, and file a Notice of Service with this Court. *See* Dkt. No. 1 at 198-199 of 640 (attaching a copy of the Order Setting Briefing Schedule on Ex Parte Application for Order Pursuant to 28 U.S.C. § 1782 entered as *In Re Ex Parte Application of Hyo-Seob Oh*, No. 3:22-mc-01649-DDL, Dkt. No. 4 (S.D. Cal. Nov. 23, 2022)).

And any opposition to the Application for Judicial Assistance Pursuant to 28 U.S.C. § 1782 must be filed by Friday, **November 17, 2023**, and Oh must file any reply by **Wednesday, November 29, 2023**.

## II.    Filing Application Materials Under Seal

Oh has also filed a Motion for Leave to File Sealed Ex Parte Application for Judicial Assistance Pursuant to 28 U.S.C. § 1782. *See* Dkt. No. 2. He explains that he is filing the motion for leave "for the sole purpose of continuing to comply with and preventing violation of the United States District Court for the Southern District of California Order granting the seal of portions of the Application and redactions to portions of the language within the Application." Dkt. No. 3 at 3.

In his Application for Judicial Assistance Pursuant to 28 U.S.C. § 1782 filed in this district, Oh explains that the United States District Court for the Southern District of California Court, "in the California Application, issued an order that seals certain documents from the case and redacts others. As such, Mr. Oh, has submitted the documents in this case in a manner that, while allowing this honorable Court to see the full documents, respects the order issued by the Court in the California Application." Dkt. No. 1 at 4 n.4. Oh notes that "[t]he California Application was

ultimately dismissed by the California Court following Respondent Sandip 'Micky' Minhas's claim of Texas residence, thus necessitating this Application." Dkt. No. 3 at 4.

Oh has filed his Application for Judicial Assistance Pursuant to 28 U.S.C. § 1782, in its entirety, under seal. *See* Dkt. No. 1; *see also* Dkt. No. 2 at 1. But Oh explains that he "respectfully requests that the Exhibits filed under seal pursuant to the California Order also be filed under seal in this matter." Dkt. No. 3 at 4. He contends that, "[w]hile this Application is new with the Northern District of Texas Court, [his motion for leave to file under seal] has already been granted under the prior California Application and Order putting a seal in place" and "should be granted under the same circumstances and considerations." *Id.* at 5. He ask the Court to grant "him leave to file his Ex Parte Application under seal for documents under protective order and for these documents to remain under seal if and until a party to this Action moves to unseal the same." *Id.* at 6.

Citing the United States Court of Appeals for the Fifth Circuit's decision in *Le v. Exeter Fin. Corp.*, 990 F.3d 410, 418-19 (5th Cir. 2021), Oh explains that, under the "legal standard to be considered in a court's exercise of discretion in sealing judicial records" that the Fifth Circuit has set out, "[t]he first standard, requiring only 'good cause,' applies to protective orders sealing documents produced in discovery. And the second standard, a stricter balancing test, applies [o]nce a document is filed on the public record – when a document becomes a judicial record." Dkt. No. 3 at 5 (cleaned

up).

Oh asserts that, based on the order entered in connection with the California Application, "the first standard requiring of only 'good cause' shall be appropriate." *Id.* According to Oh, "the first standard, only requiring 'good cause' is applicable because this Application is made relating to the sealing of documents produced in discovery"; "[t]he live pleadings comprising this matter are currently pending in South Korea, having not ever been filed with or made part of the United States judicial system"; "[r]ather, … [Oh] files this Application as a part of discovery, seeking relevant information in support of his Korean lawsuit due to Minhas's location of residence"; and, "[b]ecause this relates to discovery production, only 'good cause' is required to grant" his motion for leave to file under seal. *Id.*

This argument misconstrues the Fifth Circuit's caselaw governing sealing orders and the distinctions that the Court of Appeals has drawn in explaining the governing standards.

The Fifth Circuit recently warned that – where, "increasingly, courts are sealing documents in run-of-the-mill cases where the parties simply prefer to keep things under wraps" – "the working presumption is that judicial records should not be sealed." *Le*, 990 F.3d at 417, 419.

The Court of Appeals explained that "courts should be ungenerous with their discretion to seal judicial records, which plays out in two legal standards.... The first standard, requiring only good cause, applies to protective orders sealing documents produced in discovery. The second standard, a stricter balancing test, applies [o]nce

a document is filed on the public record – when a document becomes a judicial record." *Id.* at 419 (cleaned up). The Fifth Circuit noted that, "at the adjudicative stage, when materials enter the court record, the standard for shielding records from public view is far more arduous, and that "equating the standard for keeping unfiled discovery confidential with the standard for placing filed materials under seal [] is a common [error] and one that over-privileges secrecy and devalues transparency." *Id.* at 420 (cleaned up).

The panel in *Le* acknowledged that, "even under the stricter balancing standard, litigants sometimes have good reasons to file documents (or portions of them) under seal, such as protecting trade secrets or the identities of confidential informants." *Id.* at 419. But the Court of Appeals directed that, to decide whether something should be sealed, "judges … must undertake a case-by-case, document-by-document, line-by-line balancing of the public's common law right of access against the interests favoring nondisclosure" and that "[s]ealings must be explained at a level of detail that will allow for this Court's review." *Id.* (cleaned up).

According to the Fifth Circuit, "[t]he secrecy of judicial records, including stipulated secrecy, must be justified and weighed against the presumption of openness that can be rebutted only by compelling countervailing interests favoring nondisclosure. All too often, judicial records are sealed without any showing that secrecy is warranted or why the public's presumptive right of access is subordinated. This mistake harms the public interest, however interested the public is likely to be."

*Id.* at 421.

A Fifth Circuit panel more recently again explained that

- the Court of Appeals "heavily disfavor[s] sealing information placed in the judicial record";

- the Fifth Circuit "require[s] information that would normally be private to become public by entering the judicial record";

- "publicly available documents … already belong to the people, and a judge cannot seal public documents merely because a party seeks to add them to the judicial record";

- "[t]hat a document qualifies for a protective order under [Federal Rule of Civil Procedure] 26(c) for discovery says nothing about whether it should be sealed once it is placed in the judicial record";

- "to the extent that any sealing is necessary, it must be congruent to the need"; and

- "[i]t is the solemn duty of the judge to scrupulously examine each document sought to be sealed," which "is not easy, but [] is fundamental."

*June Med. Servs., L.L.C. v. Phillips*, 22 F.4th 512, 519-21 (5th Cir. 2022) (cleaned up). The Fifth Circuit explained that "[d]ifferent legal standards govern protective orders and sealing orders" that "[s]ealing judicial records and blocking public access require a stricter balancing test." *Id.* at 520, 521 (cleaned up). And, following this governing law, the Court "heavily disfavor[s] sealing information placed in the judicial record"

-9-

and discourages such requests. *Id.* at 519-20; *accord IFG Port Holdings, L.L.C. v. Lake Charles Harbor & Terminal Dist.*, 82 F.4th 402, 410-12 (5th Cir. 2023).

Documents filed with motions asking for relief from the Court are judicial records and subject to the more stringent standard – not the "good cause" standard for protective orders that apply to documents that are produced in discovery but that have not been filed on the Court's docket. *Accord United Healthcare Servs. Inc. v. Synergen Health LLC*, No. 3:20-cv-301-X, 2023 WL 3855611, at *1 (N.D. Tex. June 5, 2023) ("Plaintiffs seek to file something under seal on the judicial record. Therefore, a far more arduous standard applies.").

Oh also asserts that "the fact that this Application relates only to discovery production, and not live pleadings or other court documents, supports the argument that granting [his motion for leave to file under seal] would not violate public policy" because "[a]ny presumption against permitting filings under seal in the American judicial system is predicated upon the notion that American proceedings are public, and judges must protect public accessibility." Dkt. No. 3 at 6. And, Oh contends, "here, we are not dealing with an 'American proceeding,' directly"; "[r]ather, this Application relates to the taking and production of discovery material, for which the only individual, other than Applicant, having access to the filings relating to an ongoing Korean lawsuit being Minhas." *Id.*

But, again, the Fifth Circuit has distinguished "the standard for keeping unfiled discovery confidential" from "the standard for placing filed materials under

-10-

seal." *Le*, 990 F.3d at 420. And the Court of Appeals has made clear that materials filed in support of a motion – even one that relates only to discovery production – must meet the "more arduous" "standard for shielding records from public view" "when materials enter the court record." *Id*. And, following that governing law, so, too, has Judge Starr, the presiding judge here. *See Jostens Inc. v. Haarsma*, No. 3:22-cv-796-X, 2023 WL 6277357, at *1-*2 (N.D. Tex. Sept. 26, 2023) (deciding motions to seal certain documents in a defendant's appendix to a motion to compel and to redact portions of amended interrogatory answers).

Although Oh seeks materials for use in a Korean lawsuit, he still seeks judicial relief in this district under Section 1782 through his application, which is not itself part of the Korean lawsuit. "To promote international dispute resolution and comity, [28 U.S.C.] § 1782 authorizes federal district courts to issue discovery orders ancillary to proceedings in 'foreign or international tribunals.'" *Republic of Ecuador v. Connor*, 708 F.3d 651, 654 (5th Cir. 2013) (cleaned up). "Section 1782 (a) seeks to facilitate third-party discovery in American district courts, from subjects that reside or are found in the district, in aid of 'interested parties' in 'foreign proceedings,'" but "granting these discovery requests is discretionary for the district courts." *Banca Pueyo*, 55 F.4th at 473 (cleaned up). And, in proceedings before this Court seeking relief through judicial action, "to seal documents on the judicial record involves a much more demanding standard." *Jostens*, 2023 WL 6277357, at *1.

Finally, Oh argues that "good cause exists for the purpose of [his motion for leave to file under seal] because the issues have already been considered and ruled

upon by a sister Court to this Court (*i.e.*, the California Order)"; that, "[w]hile it is conceded that California caselaw is not controlling, it may nevertheless be used as persuasive authority in another court's analysis and rulings"; that, "[h]ere, [Oh] moves for leave to file [his Ex Parte Application for Judicial Assistance Pursuant to 28 U.S.C. § 1782], using the same documents used in support of the California Application"; and that "this Court should grant [his motion for leave to file under seal], utilizing the same reasoning as the United States District Court for the Southern District of California." Dkt. No. 3 at 6.

The Court is not eager to cause a litigant to violate another court's sealing order or second-guess another court's decisions on what should be filed under seal in the proceeding before that court. As this Court has noted, other courts in this circuit have explained "that courts may vacate protective orders issued by another court where the case has been closed or otherwise dismissed but that, when the other matter is ongoing, courts have held that any request necessitating the modification of the protective order be directed to the issuing court." *Ford Motor Co. v. Versata Software, Inc.*, 316 F. Supp. 3d 925, 947 (N.D. Tex. 2017) (cleaned up). "But, more generally, [c]ourts which have been called upon to decide discovery motions that involve requests to modify or terminate a protective order previously issued by another court, whether state or federal, have frequently felt constrained by principles of comity [and] courtesy, and it is well-settled that [t]he need for comity is not to be downplayed." *Id.* (cleaned up).

-12-

But, here, the United States District Court for the Southern District of California's order in connection with the California Application appears to be based on case law that does not match the standards that the Fifth Circuit requires this Court to apply.

In its Order Granting in Part Respondent's Motion to Seal and Denying as Moot Respondent's Motion for Protective Order, the United States District Court for the Southern District of California – citing two decisions of the United States Court of Appeals for the Ninth Circuit and a decision by a judge in the United States District Court for the Northern District of California – explained that, "[w]hen evaluating a request to seal judicial records, courts in this Circuit start with a strong presumption in favor of access to those records"; that "[t]he party requesting sealing bears the burden of overcoming this strong presumption"; that "[t]he showing required depends upon whether the underlying motion is closely related to the merits of the case – in which case the party must demonstrate 'compelling reasons' to seal – or is only 'tangentially related' to them, which requires a less demanding showing of good cause"; and that "[a]pplication of the 'good cause' standard is appropriate where the court does not address the merits of litigation pending in a foreign jurisdiction." *In Re Ex Parte Application of Hyo-Seob Oh*, No. 3:22-mc-01649-DDL, Dkt. No. 39 at 3 (S.D. Cal. Apr. 11, 2023) (cleaned up); *see also* Dkt. No. 3 at 8-18 of 45 (attaching copy of the Order Granting in Part Respondent's Motion to Seal and Denying as Moot Respondent's Motion for Protective Order).

Whatever deference this Court could or should give to the United States

District Court for the Southern District of California's sealing order to which Oh is currently subject, this Court, under governing Fifth Circuit law, must, "[w]hen a party seeks to file material under seal, … undertake a case-by-case, 'document-by-document,' 'line-by-line' balancing of the public's common law right of access against the interests favoring nondisclosure and explain its sealing decision at a level of detail that will allow for [the Fifth Circuit's] review." *IFG Port Holdings*, 82 F.4th at 410 (cleaned up). "Such analysis 'is not easy, but it is fundamental' to securing the public's right of access to judicial records." *Jostens*, 2023 WL 6277357, at *2 (quoting *June Med. Servs.*, 22 F.4th at 521). And "the Court must follow controlling Fifth Circuit precedent." *United Healthcare*, 2023 WL 3855611, at *1.

As another judge has explained, "[w]hile 'judges, not litigants' are tasked with determining whether to seal a document and that task ultimately requires them to undertake the case-by-case, document-by-document, and line-by-line balancing of the public's right of access against presented interests favoring nondisclosure, it is certainly within a court's discretion to summarily deny a request to seal when it is apparent that the submitter has not conducted its own document-by-document, line-by-line review." *Trans Tool, LLC v. All State Gear Inc.*, No. SA-19-CV-1304-JKP, 2022 WL 608945, at *6 (W.D. Tex. Mar. 1, 2022) (cleaned up; citing *Le*, 990 F.3d at 419). And "[l]itigants and others seeking secrecy have the burden to overcome the strong presumption favoring public access" and "'must explain in particularity the necessity for sealing.'" *Id.* (quoting *BP Expl. & Prod., Inc. v. Claimant ID 100246928*, 920 F.3d

-14-

209, 211 (5th Cir. 2019)).

Although the sealing order from the California proceeding (and the briefing that preceded it) may cover at least some of this ground (albeit measuring against the good cause standard that does not apply here), Oh has not fully complied with these requirements or attempted to meet the more stringent standard that applies to his sealing request under governing Fifth Circuit law.

The Court DENIES without prejudice Oh's Motion for Leave to File Sealed Ex Parte Application for Judicial Assistance Pursuant to 28 U.S.C. § 1782 [Dkt. No. 2] and ORDERS that Oh must, by **Friday, November 10, 2023**, file a new motion for leave to file under seal in which, to comply with the governing law, Oh

- identifies precisely what information (pages, lines, etc.) he wants to remain sealed in the documents already filed under seal at Dkt. Nos. 1, 2, and 3 in this matter;

- conducts a line-by-line, page-by-page analysis explaining and briefing why the risks of disclosure outweigh the public's right to know;

- explains why no other viable alternative to sealing exists, *see Jostens*, 2023 WL 6277357, at *1;

- drafts the revised sealing motion "in a way that does not disclose confidential information," *Spoon v. Bayou Bridge Pipeline*, LLC, No. CV 19-516-SDD-SDJ, 2022 WL 3643010, at *1 n.1 (M.D. La. Aug. 23, 2022);

- includes with the revised sealing motion a proposed public version of any part of any motion and supporting materials that he seeks to

maintain under seal, with any and all assertedly confidential information redacted, *accord June Med. Servs.*, 22 F.4th at 521 & n.6; *Le*, 990 F.3d at 419-20 & n.42; and

- supports all facts recited in the revised sealing motion with a verification by the oath or declaration of a person or persons with personal knowledge, to assist the Court in making fact findings that can withstand appellate scrutiny, s*ee June Med. Servs.*, 22 F.4th at 519-21; *Le*, 990 F.3d at 419-21; *Jostens*, 2023 WL 6277357, at *1.

The Court understands that Minhas, not Oh, filed the motion to seal in the California proceeding. And the Court more generally recognizes that a party seeking to seal all or part of documents may not possess personal knowledge of the facts to be included in a motion for leave to file under seal – and that, if this or another court has entered a confidentiality-based protective order governing discovery, a party may be obligated to seek to file under seal (and redact from any public version) any materials that another party has designated as "confidential" but also may disagree that the material is properly so designated.

The Court directs that, under these circumstance, Oh and Minhas should either prepare a joint motion for leave to file (or maintain) documents under seal in this proceeding or make separate filings in support of filing under seal – and, under either option, the party with personal knowledge or who has designated material as "confidential" should verify the facts in a section on justification. *Accord Trans Tool*,

2022 WL 608945, at *8-*9.

The Court will allow the documents already filed under seal at Dkt. Nos. 1, 2, and 3 in this matter to remain temporarily under seal pending the Court's decision on any revised sealing motion. But the Clerk of the Court should place the individual filings at Dkt. Nos. 1, 2, and 3 under seal and should otherwise unseal the docket of this proceeding.

But the Court does not file this memorandum opinion and order under seal because it determines that any portions of the filings in this matter that the Court has quoted above not properly subject to sealing and that the risks of disclosure of the quoted material do not outweigh the public's right to know.

SO ORDERED.

DATED: October 24, 2023

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE