IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In re Ex Parte Application of Hyo-Seob Oh, | § § § § § | No. 3:23-mc-56-X |
| Applicant. | | |

**MEMORANDUM OPINION AND ORDER REGARDING SERVICE OF 28 U.S.C. § 1782 APPLICATION, EXTENSION OF DEADLINES, AND UNAUTHORIZED ISSUANCE AND SERVICE OF SUBPONENA**

**Background**

United State District Judge Brantley Starr has referred Applicant Hyo-Seob Oh's Motion for Leave to File Sealed Ex Parte Application for Judicial Assistance Pursuant to 28 U.S.C. § 1782, [Dkt. No. 2], and all attendant and subsequent procedural motions bearing upon it be referred to the undersigned United States magistrate judge for hearing (if necessary) and determination under 28 U.S.C. § 636(b). *See* Dkt. No. 4.

In an October 24, 2023 Memorandum Opinion and Order Denying Without Prejudice Leave to File Under Seal and Denying Leave to File Ex Parte [Dkt. No. 5], the Court denied Mr. Oh's request to proceed with his Application for Judicial Assistance Pursuant to 28 U.S.C. § 1782 on an ex parte basis and ordered that Mr. Oh "must serve the Application for Judicial Assistance Pursuant to 28 U.S.C. § 1782 and a copy of this Order on Respondent Sandip Minhas by **Friday, November 3, 2023**, and file a Notice of Service with this Court." Dkt. No. 5 at 4-5.

The Court further ordered that "any opposition to the Application for Judicial

-1-

Assistance Pursuant to 28 U.S.C. § 1782 must be filed by **Friday, November 17, 2023**, and [Mr.] Oh must file any reply by **Wednesday, November 29, 2023**." *Id.* at 5.

The Court also denied without prejudice Mr. Oh's Motion for Leave to File Sealed Ex Parte Application for Judicial Assistance Pursuant to 28 U.S.C. § 1782 [Dkt. No. 2] and ordered that Mr. Oh "must, by **Friday, November 10, 2023**, file a new motion for leave to file under seal," subject to listed requirements, and provided that Mr. Oh and Mr. Minhas "should either prepare a joint motion for leave to file (or maintain) documents under seal in this proceeding or make separate filings in support of filing under seal – and, under either option, the party with personal knowledge or who has designated material as 'confidential' should verify the facts in a section on justification." Dkt. No. 5 at 15-17.

When requiring service and also setting these deadlines for filings by Mr. Oh and Mr. Minhas, the Court did not anticipate delays or issues with Mr. Oh's serving the Application for Judicial Assistance Pursuant to 28 U.S.C. § 1782 on Mr. Minhas.

On November 3, 2023, Mr. Oh's counsel filed a Notice of Service, reporting that,

> on Monday, October 25, 2023, at 8:05 a.m., Sandip (Micky) Minhas was served with the Subpoena to Testify at a Deposition in a Civil Trial with Exhibit A. Said document was placed in front of Mr. Minhas, as he refused to accept service. Please see the Affidavit of Delivery executed by Ernesto Martin Herrera on November 3, 2023, attached hereto as Exhibit A.
> 
> Pursuant to this Honorable Court's Memorandum Opinion and Order Denying Without Prejudice Leave to File Under Seal and Denying Leave to File Ex Parte, please take notice that on Thursday, November 2, 2023, at 3:52 p.m., Sandip (Micky) Minhas was served with the

> following documents: Subpoena to Testify at a Deposition in a Civil Action with Exhibit A; Memorandum Opinion and Order Denying Without Prejudice Leave to File Under Seal and Denying Leave to File Ex Parte; Ex Parte Application for Judicial Assistance Pursuant to 28 U.S.C. 1782; and Applicant's Memorandum of Law in Support of Applicant's Motion for Leave to File Applicant's Ex Parte Application of Hyo-Seob Oh for Judicial Assistance Pursuant to 28 U.S.C. 1782 Under Seal for Documents Under Protective Order with Exhibit A and Exhibits B-A through B-K. Said documents were delivered to the Front Desk Concierge Associate, Kerry Walls, as Mr. Minhas informed Kerry Walls that he was out of the country for the coming weeks and would be unable to accept service. All documents served on this date will be held by Kerry Walls and/or other Front Desk Concierge Associates working at Mr. Minhas's residence located at 2728 McKinnon Street, Dallas, Texas 75201, until Mr. Minhas has returned to the United States. Please see the affidavit of Delivery executed by Ernesto Martin Herrera on November 3, 2023, attached hereto as Exhibit B.

Dkt. No. 8 at 1-2.

Then, on November 9, 2023, attorney Amanda Gadison of Bryan Cave Leighton Paisner LLP filed a Notice of Appearance of Counsel in which she "enter[ed] her appearance as counsel for Sandip Minhas in this matter and formally requests that all future notices and pleadings from the Court be sent to the email below." Dkt. No. 9 at 1.

That same day, through Ms. Gadison, Mr. Minhas filed an Unopposed Motion for an Extension of Time to File a Motion to Seal and an Opposition to Mr. Oh's Application. *See* Dkt. No. 10.

As the Court explained in a November 13, 2023 Electronic Order, in this motion,

> Mr. Minhas asserts that he has not been served by Mr. Oh consistent with the [] Court's Memorandum and Opinion Order Denying Without Prejudice File Under Seal and Denying Leave to File Ex Parte [Dkt. No.

5] and has not seen Mr. Oh's Application because of insufficient service, and Mr. Minhas asks for the Court to extend its deadlines to provide that the required motion to seal will be due 5 business days from when Mr. Minhas is properly served and that Mr. Minhas's Motion in Opposition to Mr. Oh's Section 1782 Application will be 10 business days from when Mr. Minhas is properly served. Mr. Minhas labels his Motion for an Extension of Time to File a Motion to Seal and an Opposition to Mr. Oh's Application as Unopposed, but the Certificate of Conference does not explain Mr. Oh's position on Mr. Minhas's requests but rather states that "Counsel for Mr. Minhas, Amanda Gadison, and Counsel for Mr. Oh, Sul Lee, Bradley Kolpack conferred on the phone on Thursday, November 9, 2023 regarding this motion." Dkt. No. 10 at 5.

Mr. Oh then filed a [] Motion for Leave to File Applicant's Amended Notice of Service [Dkt. No. 11] and states that Mr. Oh "previously filed a Notice of Service with this Court stating that Sandip Minhas [] had been properly served by a process server on or about November 2, 2023"; that, "[o]n November 9, 2023, Amanda Gadison filed a Notice of Appearance of Counsel on behalf of [Mr.] Minhas accepting service of all notices and pleadings for this matter by having said notices and pleadings sent to her via email"; and that, "on November 9, 2023, Applicant, by and through his attorney of record Bradley M. Kolpack, served the Application upon Amanda Gadison, constituting further sufficient service upon [Mr.] Minhas." Dkt. No. 12 at 1. Mr. Oh's motion for leave does not include a Certificate of Conference as required by Northern District of Texas Local Civil Rule 7.1.

Dkt. No. 13.

In response to these competing motions, the Court ordered that "Mr. Oh's counsel and Mr. Minhas's counsel are directed to confer by telephone or videoconference about their clients' positions regarding the relief requested in the [] Unopposed Motion for an Extension of Time to File a Motion to Seal and an Opposition to Mr. Oh's Application [Dkt. No. 10] and in the [] Motion for Leave to File Applicant's Amended Notice of Service [Dkt. No. 11] and to then, by Wednesday, November 15, 2023, file a joint report that explains (1) Mr. Oh's position on the []

Unopposed Motion for an Extension of Time to File a Motion to Seal and an Opposition to Mr. Oh's Application [Dkt. No. 10] and (2) Mr. Minhas's position on the [] Motion for Leave to File Applicant's Amended Notice of Service [Dkt. No. 11]." Dkt. No. 13.

Mr. Oh, through his counsel of record, and Mr. Minhas, through Ms. Gadson, filed the Joint Report. *See* Dkt. No. 14. The parties disagree as to whether Mr. Minhas has been served as the Court required and how the deadlines should be extended. *See id.* at 2-23 of 29.

**Analysis**

I.   Service of an unauthorized subpoena

Mr. Oh's Application for Judicial Assistance Pursuant to 28 U.S.C. § 1782 asks the Court to "enter[] an Order, in the proposed, or similar, form as the accompanying Proposed Order: (a) exercising its discretion, pursuant to 28 U.S.C. § 1782, and granting this Ex Parte Application for Judicial Assistance; [and] (b) granting the Applicant's leave to conduct discovery pursuant to the Federal Rules of Civil Procedure, including, but not limited to, leave to serve the subpoena, in substantially the same form as the subpoena attached as Exhibit B-J to this Ex Parte Application." Dkt. No. 1 at 16.

The Court has not acted on this Section 1782 application yet, pending its being served on Mr. Minhas and his responding to it. *See* Dkt. No. 5.

And the Court has not granted leave for Mr. Oh to serve Mr. Minhas with any proposed subpoena. That is the matter at issue in the Application for Judicial

-5-

Assistance Pursuant to 28 U.S.C. § 1782.

The Court's September 21, 2023 Order of Reference and October 24, 2023 Memorandum Opinion and Order Denying Without Prejudice Leave to File Under Seal and Denying Leave to File Ex Parte [Dkt. No. 5] did not direct – or authorize – Mr. Oh to serve any subpoena on Mr. Minhas. *See* Dkt. Nos. 4 & 5.

But Mr. Oh's counsel's November 3, 2023 Notice of Service states that, "on Monday, October 25, 2023, at 8:05 a.m., Sandip (Micky) Minhas was served with the Subpoena to Testify at a Deposition in a Civil Trial with Exhibit A," and that, "on Thursday, November 2, 2023, at 3:52 p.m., Sandip (Micky) Minhas was served with the following documents: Subpoena to Testify at a Deposition in a Civil Action with Exhibit A." Dkt. No. 8 at 1.

Mr. Minhas's Unopposed Motion for an Extension of Time to File a Motion to Seal and an Opposition to Mr. Oh's Application likewise reports that, "[o]n October 25, 2023, Mr. Minhas received at his home a subpoena to testify in this action that included an exhibit containing six (6) document requests"; that, "[s]ince November 1, 2023, Mr. Minhas has been traveling for personal and professional reasons"; that, "[d]uring his travels, he received an email from the concierge at his building that a package had been left for him"; and that, "[b]ased on the email and Mr. Oh's Notice and Affidavit of Service, it appears that Mr. Oh attempted to serve: 'Subpoena to Testify at a Deposition in Civil Action with Exhibit A.'" Dkt. No. 10 at 1-2.

And the November 15, 2023 Joint Report explains that:

-6-

- "On October 20, 2023, this Court issued a Subpoena to Testify at a Deposition in A Civil Action to Mr. Minhas."

- "On or about October 23, 2023, Sul Lee Law Firm, PLLC, sent the subpoena to a process server to be served upon Mr. Minhas prior to the Court order being entered."

- "Prior to the Court entering the Court Order dated October 24, 2023, requiring Mr. Oh to serve said Order and the complete Application upon Mr. Minhas (Dkt. 5), Mr. Oh had provided the process server with Subpoena on October 23, 2023, (Dkt. 8 at Ex. A) to be served upon Mr. Minhas individually. Following entrance of the Order entered by this Court, but before counsel for Mr. Oh could contact the process server, the process server properly served the subpoena upon Mr. Oh on October 25, 2023, by placing the documents in a visible area in front of Mr. Minhas after he refused to accept the documents."

- "On October 25, 2023, Mr. Minhas was personally handed eight pages titled 'Subpoena to Testify at a Deposition in a Civil Trial' at his home. *See* Dkt. 8 at 1; *see also* Dkt. 10 at ¶ 3."

- "Mr. Minhas had been served with notice of the Subpoena on October 25, 2023, establishing knowledge that this matter was currently pending. *See* Dkt. 8 at Ex. A."

- "On November 2, 2023, 'documents were delivered to the Front Desk Concierge Associate' were: 'Subpoena to Testify at a Deposition in a Civil

-7-

Action with Exhibit A.'"

Dkt. No. 14 at 3, 13, 14 & n.7, 28,

The Court did not authorize the issuance or service of any Subpoena to Testify at a Deposition in A Civil Action to Mr. Minhas. That is the point of the Application for Judicial Assistance Pursuant to 28 U.S.C. § 1782 [Dkt. No. 1].

As Mr. Oh's discussion in his application recognizes, "28 U.S.C. § 1782[] permits district courts to order testimony or the production of evidence 'for use in a proceeding in a foreign or international tribunal.'" *ZF Auto. US, Inc. v. Luxshare, Ltd.*, 596 U.S. 619, 623 (2022). Section 1782 "authorizes federal district courts to cooperate with foreign and international tribunals by ordering (1) a person who resides or is found in the district to (2) give testimony or produce documents for use in a foreign court proceeding, where (3) the request is made by an interested person." *Grupo Mexico SAB de CV v. SAS Asset Recovery, Ltd.*, 821 F.3d 573, 574 (5th Cir. 2016). The district court "has the discretion to grant [an] application seeking the authority to issue subpoenas," but "[Section] 1782(a) authorizes, but does not require, a federal district court to provide judicial assistance to foreign or international tribunals or to 'interested person[s]' in proceedings abroad." *Tex. Keystone, Inc. v. Prime Nat. Res., Inc.*, 694 F.3d 548, 553 (5th Cir. 2012) (cleaned up); *accord* Dkt. No. 1 at 9-11 (summarizing this background law).

Mr. Oh's counsel apparently requested and caused the Clerk of the Court, on October 20, 2023, to issue a Subpoena to Testify at a Deposition in A Civil Action to

Mr. Minhas, commanding him to appear for a deposition at Mr. Oh's counsel's office in Dallas, Texas on December 1, 2023 at 10:00 a.m. and to produce documents in response to listed requests. *See* Dkt. No. 14-1 at 53-60 of 60.

Federal Rule of Civil Procedure 45(a)(3) generally provides: "The clerk must issue a subpoena, signed but otherwise in blank, to a party who requests it. That party must complete it before service. An attorney also may issue and sign a subpoena if the attorney is authorized to practice in the issuing court." FED. R. CIV. P. 45(a)(3). But seeking a subpoena for discovery for use in a foreign proceeding requires the Court's leave under Section 1782.

And this Subpoena to Testify at a Deposition in A Civil Action has not been authorized by the Court – by, for example, granting the Application for Judicial Assistance Pursuant to 28 U.S.C. § 1782 – and was served without the Court's leave.

Mr. Oh, through his counsel, should not be attempting to serve the Subpoena to Testify at a Deposition in A Civil Action on Mr. Minhas.

II. <u>Service of the Section 1782 Application</u>

The Court did order Mr. Oh to serve on Mr. Minhas copies of Mr. Oh's Application for Judicial Assistance Pursuant to 28 U.S.C. § 1782 and the Court's October 24, 2023 Memorandum Opinion and Order Denying Without Prejudice Leave to File Under Seal and Denying Leave to File Ex Parte. *See* Dkt. No. 5 at 4-5.

But Mr. Oh's attempted service on Mr. Minhas by leaving these materials with the Front Desk Concierge Associate at the building in which Mr. Minhas resides, without Mr. Minhas's authorization for the concierge to accept service, does not

comply with any provision of Federal Rules of Civil Procedure 4 and 5 – regardless of which should apply here – as Mr. Minhas's counsel persuasively lays out in the Joint Report [Dkt. No. 14]. *See, e.g.*, FED. R. CIV. P. 4(e)(2) ("Unless federal law provides otherwise, an individual … may be served in a judicial district of the United States by: … (2) doing any of the following: (A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process."); FED. R. CIV. P. 5(b)(2)(B), (F) ("A paper is served under this rule by: … (B) leaving it: (i) at the person's office with a clerk or other person in charge or, if no one is in charge, in a conspicuous place in the office; or (ii) if the person has no office or the office is closed, at the person's dwelling or usual place of abode with someone of suitable age and discretion who resides there; … or (F) delivering it by any other means that the person consented to in writing – in which event service is complete when the person making service delivers it to the agency designated to make delivery.").

"It is a fundamental rule of civil procedure that [b]efore a federal court may exercise jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Maiz v. Virani*, 311 F.3d 334, 340 (5th Cir. 2002) (cleaned up). If this miscellaneous action under Section 1782 implicates service under Rule 4, Mr. Oh's attempted service on Mr. Minhas through Ms. Gadison, was invalid

because "there is no evidence that the [] attorney had the actual authority to accept service of process." *Id.* The evidence points to the contrary conclusion, where Ms. Gadison has declared that "Mr. Minhas has not consented to [her] accepting service of the application on his behalf or to any of [her] colleagues accepting service on his behalf." Dkt. No. 14 at 25.

And the Court cannot accept Mr. Oh's argument that Ms. Gadison's appearance as counsel amounts to a "general appearance" that "effectively waives any claim for defective service upon Mr. Minhas individually, making the service upon Mr. Minhas' attorney sufficient." Dkt. No. 14 at 17. "A party makes a general appearance whenever it invokes the judgment of the court on any question other than jurisdiction," and, "[i]n determining whether conduct is sufficient to be considered a general appearance, the focus is on affirmative action that impliedly recognizes the court's jurisdiction over the parties." *Maiz*, 311 F.3d at 340 (cleaned up).

But Ms. Gadison's Notice of Appearance of Counsel [Dkt. No. 9] was accompanied by Mr. Minhas's Unopposed Motion for an Extension of Time to File a Motion to Seal and an Opposition to Mr. Oh's Application [Dkt. No. 10] stating that Mr. Minhas had not been served. And, on the same day that those documents were filed, Ms. Gadison told Mr. Oh's counsel that she and her colleagues "also were not authorized to accept service on behalf of Mr. Minhas and would inquire as to when he would be returning home." Dkt. No. 14 at 25.

And, even if Rule 5 applies here, the Court ordered service on Mr. Minhas, and Rule 5(b)(1) provides that, "[i]f a party is represented by an attorney, service under

-11-

this rule must be made on the attorney unless the court orders service on the party." FED. R. CIV. P. 5(b)(1). And Mr. Minhas has not consented in advance to service by electronic means, as Rule 5(B)(2)(E) would require.

The Court finds that Mr. Oh has not yet properly served the Application for Judicial Assistance Pursuant to 28 U.S.C. § 1782 and a copy of the Memorandum Opinion and Order Denying Without Prejudice Leave to File Under Seal and Denying Leave to File Ex Parte on Respondent Sandip Minhas, as the Court ordered. *See* Dkt. No. 5 at 4-5.

### III. Extension of the court-ordered deadlines

The Joint Report explains that "[c]ounsel for Mr. Minhas and Mr. Oh disagree that the deadlines for filing a Motion to Seal, the Opposition to Mr. Oh's Application, and any reply thereto should be tied to future sufficient service of Mr. Minhas with the Application and Order." Dkt. No. 14 at 19.

Mr. Oh "takes the position that he is not opposed to providing Mr. Minhas and his counsel an extension of all necessary deadlines to provide them an ample opportunity to review the Application in full" but explains that "[c]ounsel for Mr. Minhas has further requested this Court to set indefinite deadlines by requesting that said deadlines be based upon the date of individual service of Mr. Minhas," although, "[a]s conceded by Mr. Minhas, he has since left the United States and must either be served abroad, though his current location is currently unknown to Mr. Oh, or Mr. Oh must wait until he has returned." *Id.* at 20 (footnote omitted). Mr. Oh notes

that "Mr. Minhas states in his declaration that he had left the country on November 1, 2023, and failed to provide a date for which he may return." *Id.* at 20 n.10.

And Mr. Oh alternatively requests that, "[i]f this Court is to grant Mr. Minhas' request to be served in his individual capacity, … this Court order a joint status report to be filed with this Court within two weeks following the Court's ruling on this report." *Id.* at 19.

Through Ms. Gadison, Mr. Minhas explains that he "cannot reasonably meet the deadlines as set, however, because [he] has neither been served nor had actual access to Mr. Oh's application and can therefore neither respond nor seek to seal documents therein, through no fault of his own" and that he "cannot oppose an application or move to seal portions of it that he has not seen" but that he "is not seeking to evade service of the Application and Order, only to be properly served." *Id.* at 12 n.6, 22.

Mr. Minhas again "requests the same number of business days from the date of service for the above-captioned filings and proposes the following deadlines: Motion to Seal: 5 business days from when Mr. Minhas is properly served; and Motion in Opposition of Mr. Oh's Section 1782 Application: 10 business days from when Mr. Minhas is properly served." *Id.* at 22.

The Court expects that Mr. Minhas will accept personal service as soon as he returns to the United States, but Mr. Minhas has not explained when that will be.

With that in mind, the Court finds good cause to extend its deadlines and orders as follows:

- Mr. Oh and Mr. Minhas, through Ms. Gadison, must file a joint status report by **December 1, 2023** that provides an updated report on the service of the Application for Judicial Assistance Pursuant to 28 U.S.C. § 1782 and the October 24, 2023 Memorandum Opinion and Order Denying Without Prejudice Leave to File Under Seal and Denying Leave to File Ex Parte on Mr. Minhas in his individual capacity and that, if service has not been complete, provides a detailed account of when Mr. Minhas will return to the United States (which might lead the Court to issue an order amending the extending deadlines laid out below);

- the required joint motion to seal or individual motions to seal must be filed by a date that is **5 business days after the date on which Mr. Minhas is personally served**;

- Mr. Minhas's opposition to the Application for Judicial Assistance Pursuant to 28 U.S.C. § 1782 must be filed by a date that is **10 business days after the date on which Mr. Minhas is personally served**; and

- Mr. Oh must file any reply in support of his Application for Judicial Assistance Pursuant to 28 U.S.C. § 1782 no later than **12 calendar days after the date on which** Mr. Minhas files his opposition to the Application for Judicial Assistance Pursuant to 28 U.S.C. § 1782.

SO ORDERED.

DATED: November 17, 2023

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE